Robert L. Powley (RP7674)
James M. Gibson (JG9234)
David J. Lorenz (DL3072)
Jason H. Kasner (JK1414)
Joseph J. Bozzuti (JB0601)
Powley & Gibson, P.C.
304 Hudson Street 2nd Floor
New York, New York 10013
Telephone: (212) 226-5054
Facsimile: (212) 226-5085

Attorneys for Plaintiffs
Energy Intelligence Group, Inc. and
Energy Intelligence Group (UK) Limited



RECEIVED NOV 20 2008 U.S.D.C. S.D. N.Y. CASHIERS

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------X

ENERGY INTELLIGENCE GROUP, INC. and ENERGY INTELLIGENCE GROUP (UK) LIMITED

    Plaintiffs,

-against-

FITCH, INC. d/b/a FITCH RATINGS,

    Defendant.

------------------------------------------------------X

Civil Action No.
08-CV-8140 (LBS)(FM)

**FIRST AMENDED COMPLAINT FOR COPYRIGHT INFRINGEMENT**

ECF

## FIRST AMENDED COMPLAINT

Plaintiffs Energy Intelligence Group, Inc. (hereinafter "EIG") and Energy Intelligence Group (UK) Limited (hereinafter "EIG UK") (hereinafter collectively "Plaintiffs"), by and through their undersigned counsel, allege the following for their First Amended Complaint against Defendant Fitch, Inc. d/b/a Fitch Ratings (hereinafter "Defendant") based on personal knowledge and on information and belief, as appropriate:

## JURISDICTION AND VENUE

1. Plaintiffs bring this action under the Copyright Act of 1976, 17 U.S.C. §§ 101 *et seq.* (hereinafter "the Copyright Act") against Defendant for, *inter alia*, willful infringement of Plaintiffs' registered copyrights.

2. This Court has jurisdiction pursuant to Sections 501, *et seq.* of the Copyright Act and 28 U.S.C. §§ 1331 and 1338(a) over causes of action alleging copyright infringement.

3. The Court has personal jurisdiction over Defendant in that Defendant resides in and is doing business in the State of New York and in this district. In addition, many of the acts of infringement complained of herein occurred in the State of New York.

4. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(c) and 1400(a).

## THE PARTIES

5. Plaintiff EIG is a Delaware corporation with a principal place of business located at 5 East 37th Street, New York, NY 10016-2807.

6. Plaintiff EIG UK is a United Kingdom limited company with a principal place of business located at Holborn Towers, 8th Floor, 137-144 High Holborn, London, WC1V 6PW United Kingdom.

7. Upon information and belief, Defendant is a Delaware corporation with a place of business at One State Street Plaza, New York, NY 10004, and is registered to do business and is doing business in the State of New York.

8. Upon information and belief, Defendant is a publisher and is knowledgeable regarding the protections afforded by copyrights.

## FACTS COMMON TO ALL COUNTS

A. **Plaintiffs' Publications**

9. Plaintiffs and their predecessors-in-interest have been engaged in publishing newsletters and other publications for the highly-specialized global energy industry for over fifty-eight (58) years. In particular, Plaintiffs have published the weekly newsletters *Petroleum Intelligence Weekly* (hereinafter "PIW") and *Natural Gas Week* (hereinafter "NGW") since at least as early as 1962 and 1985, respectively. The focus of PIW and NGW is to provide original in-depth articles regarding significant industry events and trends, as well as new and forthcoming policy and legislation changes, corporate mergers, international events, technology advances, and activities in the gas and petroleum markets affecting these fast-paced industries. Additionally, PIW and NGW also provide valuable news and pricing information and related analysis of matters affecting gas and petroleum prices. Representative samples of Plaintiffs' publications NGW and PIW dated July 28, 2008 are attached hereto as Exhibits A and B, respectively.

10. The audience for Plaintiffs' publications consists predominantly of personnel in the oil and gas industries, bankers, investors and analysts located in the United States and other countries throughout the world.

11. Plaintiffs have invested significant time and resources to develop their publications and services, including PIW and NGW.

12. Plaintiffs maintain an editorial staff of approximately fifty (50) reporters, editors, and analysts at seven (7) editorial bureaus located in New York, Washington, D.C., Houston, London, Moscow, Dubai and Singapore.

13. The original content and information gathered by Plaintiffs and included in PIW, NGW and Plaintiffs' other publications are valuable assets. Plaintiffs also publish the following original publications in addition to PIW and NGW:

3

## Serial Publications

*Energy Intelligence Briefing;*

*Oil Daily;*

*Energy Compass;*

*Uranium Intelligence Weekly;*

*Nefte Compass;*

*Oil Market Intelligence;*

*Jet Fuel Intelligence;*

*International Oil Daily;*

*EI Finance;*

*LNG Intelligence;*

*World Gas Intelligence;* and

*NGW's Gas Market Reconnaissance.*

## Informational Services

*Oil Market Intelligence Numerical Data Source;*

*Natural Gas Week Numerical Data Source;*

*Nefte Compass Numerical Data Source;*

*World Gas Intelligence Numerical Data Source;* and

*Petroleum Intelligence Weekly Numerical Data Source.*

## Research & Reference Works

*Almanac of Russian and Caspian Petroleum* (multiple years);

*Asia-Pacific Refined Products;*

*Biofuels: Fuels of the Future?*

*International Crude Oil Market Handbook* (multiple years);

*The Energy Intelligence Top 100: Ranking the World's Oil Companies* (multiple years);

*World Gas Handbook* (multiple years);

*High Oil Prices: Causes and Consequences*;

*World LNG Review*;

*Libya Oil & Gas: Competition Heats Up*;

*Oil Supply Dilemma: Needs of Major Oil Exporters*;

*The Quest for Dominance: NOC-IOC Rivalries, Alliances and the Shape of the New Global Oil Industry*;

*Understanding the Oil and Gas Industries*; and

*Iraq Oil and Gas: A Bonanza Still in Waiting*.

14. Plaintiffs have developed an invaluable reputation for their extremely high standards and the reliability of the information and analysis contained in PIW and NGW, as well as in Plaintiffs' other publications.

15. In view of the extensive research efforts and expertise required for PIW, NGW and Plaintiffs' other publications, Plaintiffs provide various subscription plans for interested parties to purchase their publications and access the valuable information contained therein.

16. Interested third parties have various subscription options depending on their particular needs. Subscribers may obtain PIW and NGW by print, fax, email and/or from Plaintiffs' website, which permits password-protected access to current and/or archived issues. Interested third parties may also purchase individual articles appearing in PIW and NGW as well as archived issues from Plaintiffs.

17. Plaintiffs have also historically provided, and continue to provide today, the ability for their subscribers to access individual articles appearing in PIW and NGW through their website. The license fee for this service is based on the number of users for the requested article.

18. Plaintiffs provide copyright notices on their website, invoices, emails, transmittal letters, articles and publications so that third parties are aware of Plaintiffs' rights in the publications and works of original authorship.

19. Plaintiffs own the following U.S. Copyright Registrations for NGW, which are collectively referred to hereinafter as the "NGW Copyrighted Works" and are collectively attached hereto as Exhibit C:

- No. TX 6-227-288 for Volume 21 covering issues dated September 5, 12, 16 and 26, 2005;

- No. TX 6-210-695 for Volume 21 covering issues dated October 3, 10, 17, 24 and 31, 2005;

- No. TX 6-253-488 for Volume 21 covering issues dated November 7, 14, 21, and 28, 2005;

- No. TX 6-340-917 for Volume 21 covering issues dated December 5, 12, 19 and 26, 2005;

- No. TX 6-300-732 for Volume 22 covering issues dated January 2, 9, 16, 23 and 30, 2006 (the Certificate corresponding to this Registration erroneously identifies the year of issue and year of publication as 2005; documentation has been filed with the U.S. Copyright Office to correctly identify the year as 2006, and a copy of the documentation is attached hereto in Exhibit C);

- No. TX 6-310-976 for Volume 22 covering issues dated February 6, 13, 20 and 27, 2006;

- No. TX 6-313-729 for Volume 22 covering issues dated March 6, 13, 20 and 27, 2006;

- No. TX 6-346-012 for Volume 22 covering issues dated April 3, 10, 17 and 24, 2006;

- No. TX 6-425-309 for Volume 22 covering issues dated May 1, 8, 15, 22 and 29, 2006;

- No. TX 6-397-450 for Volume 22 covering issues dated June 5, 12, 19 and 26, 2006;

- No. TX 6-481-098 for Volume 22 covering issues dated July 3, 10, 17, 24 and 31, 2006;

- No. TX 6-431-292 for Volume 22 covering issues dated August 7, 14, 21 and 28, 2006;

- No. TX 6-461-778 for Volume 22 covering issues dated September 4, 11, 18 and 25, 2006;

- No. TX 6-462-612 for Volume 22 covering issues dated October 2, 9, 16, 23 and 30, 2006;

- No. TX 6-481-839 for Volume 22 covering issues dated November 6, 13, 20 and 27, 2006;

- No. TX 6-508-176 for Volume 22 covering issues dated December 4, 11, 18 and 25, 2006;

- No. TX 6-506-664 for Volume 23 covering issues dated January 1, 8, 15, 22 and 29, 2007;

- No. TX 6-543-916 for Volume 23 covering issues dated February 5, 12, 19 and 26, 2007;

- No. TX 6-549-388 for Volume 23 covering issues dated March 5, 12, 19 and 26, 2007;

- No. TX 6-575-678 for Volume 23 covering issues dated April 2, 9, 16, 23 and 30, 2007;

- No. TX 6-611-061 for Volume 23 covering issues dated May 7, 14, 21 and 28, 2007;

- No. TX 6-626-472 for Volume 23 covering issues dated June 4, 11, 18 and June 25, 2007;

- No. TX 6-626-467 for Volume 23 covering issues dated July 2, 9, 16, 23 and 30, 2007;

- No. TX 6-628-383 for Volume 23 covering issues dated August 6, 13, 20 and 27, 2007;

- No. TX 6-628-382 for Volume 23 covering issues dated September 3, 10, 17 and 24, 2007;

- No. TX 6-628-331 for Volume 23 covering issues dated October 1, 8, 15, 22 and 29, 2007;

- No. TX 6-678-738 for Volume 23 covering issues dated November 5, 12, 19 and 26, 2007;

- No. TX 6-663-237 for Volume 23 covering issues dated December 3, 10, 17, 24 and 31, 2007;

- No. TX 6-647-648 for Volume 24 covering issues dated January 7, 14, 21 and 28, 2008;

- No. TX 6-666-153 for Volume 24 covering issues dated February 4, 11, 18 and 25, 2008;

- No. TX 6-666-163 for Volume 24 covering issues dated March 3, 10, 17, 24 and 31, 2008;

- No. TX 6-677-871 for Volume 24 covering issues dated April 7, 14, 21 and 28, 2008;

- No. TX 6-677-866 for Volume 24 covering issues dated May 5, 12, 19 and May 26, 2008;
- No. TX 6-648-005 for Volume 24 covering issues dated June 2, 9, 16, 23 and 30, 2008;
- No. TX 6-648-174 for Volume 24 covering issues dated July 7, 14, 21 and 28, 2008;
- No. TX 6-679-301 for Volume 24 covering issues dated August 4, 11, 18 and 25, 2008;

and

- No. TX 6-678-883 for Volume 24 covering issues dated September 1, 8, 15, 22 and 29, 2008.

20. Plaintiffs own the following U.S. Copyright Registrations for PIW, which are collectively referred to hereinafter as the "PIW Copyrighted Works" and are collectively attached hereto as Exhibit D:

- No. TX 6-227-290 for Volume 44 covering issues dated September 5, 12, 19 and 26, 2005;
- No. TX 6-210-693 for Volume 44 covering issues dated October 3, 10, 17, 24 and 31, 2005;
- No. TX 6-253-452 for Volume 44 covering issues dated November 7, 14, 21 and 28, 2005;
- No. TX 6-340-918 for Volume 44 covering issues dated December 5, 12, and 19, 2005;
- No. TX 6-300-730 for Volume 45 covering issues dated January 2, 9, 16, 23 and 30, 2006;
- No. TX 6-321-288 for Volume 45 covering issues dated February 6, 13, 20 and 27, 2006;
- No. TX 6-321-292 for Volume 45 covering issues dated March 6, 13, 20 and 27, 2006;
- No. TX 6-346-015 for Volume 45 covering issues dated April 3, 10, 17 and 24, 2006;
- No. TX 6-425-308 for Volume 45 covering issues dated May 1, 8, 15, 22 and 29, 2006;
- No. TX 6-397-447 for Volume 45 covering issues dated June 5, 12, 19 and 26, 2006;
- No. TX 6-481-099 for Volume 45 covering issues dated July 3, 10, 17, 24 and 31, 2006;

- No. TX 6-431-290 for Volume 45 covering issues dated August 7, 14, 21 and 28, 2006;
- No. TX 6-461-775 for Volume 45 covering issues dated September 4, 11, 18 and 25, 2006;
- No. TX 6-481-421 for Volume 45 covering issues dated October 2, 9, 16, 23 and 30, 2006;
- No. TX 6-489-755 for Volume 45 covering issues dated November 6, 13, 20 and 27, 2006;
- No. TX 6-508-177 for Volume 45 covering issues dated December 4, 11 and 18, 2006;
- No. TX 6-506-663 for Volume 46 covering issues dated January 1, 8, 15, 22 and 29, 2007;
- No. TX 6-543-911 for Volume 46 covering issues dated February 5, 12, 19 and 26, 2007;
- No. TX 6-549-387 for Volume 46 covering issues dated March 5, 12, 19 and 26, 2007;
- No. TX 6-576-049 for Volume 46 covering issues dated April 2, 9, 16, 23 and 30, 2007;
- No. TX 6-611-053 for Volume 46 covering issues dated May 7, 14, 21 and 28, 2007;
- No. TX 6-626-619 for Volume 46 covering issues dated June 4, 11, 18 and 25, 2007;
- No. TX 6-626-616 for Volume 46 covering issues dated July 2, 9, 16, 23 and 30, 2007;
- No. TX 6-628-389 for Volume 46 covering issues dated August 6, 13, 20 and 27, 2007;
- No. TX 6-628-386 for Volume 46 covering issues dated September 3, 10, 17 and 24, 2007;
- No. TX 6-628-329 for Volume 46 covering issues dated October 1, 8, 15, 22 and 29, 2007;
- No. TX 6-663-779 for Volume 46 covering issues dated November 5, 12, 19 and 26, 2007;
- No. TX 6-663-246 for Volume 46 covering issues dated December 3, 10, 17 and 24, 2007;
- No. TX 6-647-640 for Volume 47 covering issues dated January 7, 14, 21 and 28, 2008;
- No. TX 6-666-159 for Volume 47 covering issues dated February 4, 11, 18 and 25, 2008;

- No. TX 6-666-164 for Volume 47 covering issues dated March 3, 10, 17, 24 and 31, 2008;
- No. TX 6-677-872 for Volume 47 covering issues dated April 7, 14, 21 and 28, 2008;
- No. TX 6-677-865 for Volume 47 covering issues dated May 5, 12, 19 and 26, 2008;
- No. TX 6-648-020 for Volume 47 covering issues dated June 2, 9, 16, 23 and 30, 2008;
- No. TX 6-648-175 for Volume 47 covering issues dated July 7, 14, 21 and 28, 2008;
- No. TX 6-679-209 for Volume 47 covering issues dated August 4, 11, 18 and 25, 2008; and
- No. TX 6-678-878 for Volume 47 covering issues dated September 1, 8, 15, 22 and 29, 2008.

21. Plaintiffs provide a copyright notice that appears within all publications, including the NGW Copyrighted Works and the PIW Copyrighted Works.

B. **Defendant's Business Relationship And Contractual Agreement With Plaintiffs**

22. Defendant and its predecessors-in-interest subscribed to NGW beginning in 1996. Defendant's subscription to NGW, and Defendant's access to and use of the NGW Copyrighted Works, were controlled at all times by the terms of a single-user subscription agreement with Plaintiffs. Additional single-user subscriptions to NGW were also separately maintained by individual employees of Defendant.

23. Over the years, Defendant received the NGW Copyrighted Works at various times as print copies, as PDF files attached to emails and through access to Plaintiffs' website.

24. Upon information and belief, from at least September 12, 2005 through November 28, 2006, pursuant to the terms of Defendant's single-user subscription agreement with Plaintiffs, Defendant received the NGW Copyrighted Works as PDF files attached to emails. Upon information and belief, from at least November 29, 2006 through December 29, 2008, pursuant

to the terms of Defendant's single-user email subscription agreement with Plaintiffs, Defendant accessed the NGW Copyrighted Works through Plaintiffs' website.

25. Upon information and belief, from September 12, 2005 through July 16, 2007 and from July 23, 2008 through December 29, 2008, Defendant's employee, Ms. Jacqueline Klein, was the sole authorized user of the NGW Copyrighted Works under the terms of Defendant's single-user subscription agreement with Plaintiffs. Upon information and belief, from July 17, 2007 through October 31, 2007, Defendant's employee, Ms. Lizette Collazo, was the sole authorized user of the NGW Copyrighted Works under the terms of Defendant's single-user subscription agreement with Plaintiffs. Upon information and belief, from November 1, 2007 through July 22, 2008, Defendant's employee, Ms. Jennifer Fowle, was the sole authorized user of the NGW Copyrighted Works under the terms of Defendant's single-user subscription agreement with Plaintiffs.

26. Each NGW Copyrighted Work contains a copyright notice, as do any and all subscription agreements for NGW between Plaintiffs and Defendant.

27. No subscription agreement or any other agreement authorized Defendant to copy, transmit or distribute the NGW Copyrighted Works to individuals or entities who are not authorized users.

28. Defendant and its predecessors-in-interest subscribed to PIW beginning in 1996. Defendant's subscription to PIW, and Defendant's access to and use of the NGW Copyrighted Works, were controlled at all times by the terms of a single-user subscription agreement with Plaintiffs.

29. Over the years, Defendant received the PIW Copyrighted Works at various times as print copies, as PDF files attached to emails and through access to Plaintiffs' website.

30. Upon information and belief, from at least September 12, 2005 through March 16, 2006, pursuant to the terms of Defendant's single-user subscription agreement with Plaintiffs, Defendant received the PIW Copyrighted Works as PDF files attached to emails. Upon information and belief, from at least March 17, 2006 through June 1, 2009, pursuant to the terms of Defendant's single-user email subscription agreement with Plaintiffs, Defendant accessed the PIW Copyrighted Works through Plaintiffs' website.

31. Upon information and belief, from September 12, 2005 through July 16, 2007 and from July 23, 2008 through June 1, 2009, Defendant's employee, Ms. Jacqueline Klein, was the sole authorized user of the PIW Copyrighted Works under the terms of Defendant's single-user subscription agreement with Plaintiffs. Upon information and belief, from July 17, 2007 through October 31, 2007, Defendant's employee, Ms. Lizette Collazo, was the sole authorized user of the PIW Copyrighted Works under the terms of Defendant's single-user subscription agreement with Plaintiffs. Upon information and belief, from November 1, 2007 through July 22, 2008, Defendant's employee, Ms. Jennifer Fowle, was the sole authorized user of the PIW Copyrighted Works under the terms of Defendant's single-user subscription agreement with Plaintiffs.

32. Each PIW Copyrighted Work contains a copyright notice, as do any and all subscription agreements for PIW between Plaintiffs and Defendant.

33. No subscription agreement or any other agreement authorized Defendant to copy, transmit or distribute the PIW Copyrighted Works to individuals or entities who are not authorized users.

C. **Defendant's Improper Use of Plaintiffs' Copyrighted Publications**

34. On or about July 28, 2008, Plaintiffs received a telephone call from an individual working in Defendant's office informing Plaintiffs of past, current and ongoing infringement of the PIW Copyrighted Works and the NGW Copyrighted Works.

12

35. The information set forth above prompted Plaintiffs to commence the present lawsuit.

36. Upon information and belief, Defendant and Defendant's employees regularly and systematically copied, transmitted and distributed electronic copies of the PIW Copyrighted Works and the NGW Copyrighted Works to unauthorized users since at least as early as 2005, respectively, while actively and willfully concealing this activity from Plaintiffs. No agreement permits this activity.

37. Upon information and belief, Defendant's actions of copying, transmitting and distributing the PIW Copyrighted Works and the NGW Copyrighted Works to unauthorized users on a systematic basis and concealing this activity from Plaintiffs constitute willful infringement of Plaintiffs' valid and subsisting copyrights, particularly since Defendant is also a publisher of copyrighted publications.

## COUNT ONE
## COPYRIGHT INFRINGEMENT OF NGW

38. Plaintiffs repeat and allege Paragraphs 1-37 as though fully set forth herein.

39. Plaintiffs were and are the exclusive holders of all rights, title and interest in the NGW Copyrighted Works and articles contained therein and are the owners of valid copyright registrations for the NGW Copyrighted Works. *See* Exhibit C.

40. The articles contained in the NGW Copyrighted Works are highly original and contain creative expression and independent analysis.

41. Copies of the NGW Copyrighted Works were made available to Defendant pursuant to a single-user subscription agreement with Plaintiffs. Copies of the NGW Copyrighted Works were also made available to employees of Defendant through additional, separate single-user subscription agreements with Plaintiffs.

42. Upon information and belief, Defendant's employees copied, transmitted and distributed the NGW Copyrighted Works to individuals who are not authorized users.

13

43. Upon information and belief, at least as early as September 2005, Defendant and Defendant's employees copied, transmitted and distributed the NGW Copyrighted Works to numerous unauthorized users, without implied or express authority, nor with Plaintiffs' express and/or implied permission.

44. Plaintiffs did not grant Defendant or Defendant's employees any right to copy, transmit and/or distribute the NGW Copyrighted Works or any issue of NGW in its entirety and/or beyond the use permitted by the single-user subscription agreements with Plaintiffs.

45. The single-user subscription agreements prohibit any copying, transmitting or distribution of any of the NGW Copyrighted Works or any articles contained therein to individuals or entities who are not authorized users, and the single-user subscription agreements state that such unauthorized use is willful infringement.

46. Upon information and belief, Plaintiffs believe that Defendant and Defendant's employees have continually and systematically copied, transmitted and distributed the NGW Copyrighted Works to unauthorized users since at least as early as September 2005 and have concealed these activities from Plaintiffs.

47. Upon information and belief, Defendant and Defendant's employees willfully infringed the copyrights in the NGW Copyrighted Works by copying, transmitting and distributing the NGW Copyrighted Works beyond the use permitted pursuant to the single-user subscription agreements with Plaintiffs, without permission and/or authorization express or implied from Plaintiffs.

48. Defendant's and Defendant's employees' aforesaid acts violate Plaintiffs' exclusive rights under § 106 of the Copyright Act of 1976, 17 U.S.C. § 106, as amended, and constitute willful infringement of Plaintiffs' copyrights in the NGW Copyrighted Works. Defendant's and Defendant's employees' past and continuing copying, transmitting and distribution of the NGW

Copyrighted Works constitute willful, deliberate and ongoing infringement of Plaintiffs' copyrights and are causing irreparable harm and damage to Plaintiffs.

49. Plaintiffs have no adequate remedy at law.

## COUNT TWO
## COPYRIGHT INFRINGEMENT OF PIW

50. Plaintiffs repeat and allege Paragraphs 1-49 as though fully set forth herein.

51. Plaintiffs were and are the exclusive holders of all rights, title and interest in the PIW Copyrighted Works and articles contained therein and are the owners of valid copyright registrations for the PIW Copyrighted Works. *See* Exhibit D.

52. The articles contained in the PIW Copyrighted Works are highly original and contain creative expression and independent analysis.

53. Copies of the PIW Copyrighted Works were made available to Defendant pursuant to a single-user subscription agreement with Plaintiffs.

54. Upon information and belief, Defendant's employees copied, transmitted and distributed the PIW Copyrighted Works to individuals who are not authorized users.

55. Upon information and belief, at least as early as September 2005, Defendant and Defendant's employees copied, transmitted and distributed the PIW Copyrighted Works to numerous unauthorized users, without implied or express authority, nor with Plaintiffs' express and/or implied permission.

56. Plaintiffs did not grant Defendant of Defendant's employees any right to copy, transmit and/or distribute the PIW Copyrighted Works or any issue of PIW in its entirety and/or beyond the use permitted pursuant by the single-user subscription agreement with Plaintiffs.

57. The single-user subscription agreement prohibits any copying, transmitting or distribution of any of the PIW Copyrighted Works or any articles contained therein to individuals or entities

15

who are not authorized users, and the single-user subscription agreement states that such unauthorized use is willful infringement.

58. Upon information and belief, Plaintiffs believe Defendant and Defendant's employees have continually and systematically copied, transmitted and distributed the PIW Copyrighted Works to unauthorized users since at least as early as September 2005 and have concealed these activities from Plaintiffs.

59. Upon information and belief, Defendant and Defendant's employees willfully infringed the copyrights in the PIW Copyrighted Works by copying, transmitting and distributing the PIW Copyrighted Works beyond the use permitted pursuant to the single-user subscription agreement with Plaintiffs, without permission and/or authorization express or implied from Plaintiffs.

60. Defendant's and Defendant's employees' aforesaid acts violate Plaintiffs' exclusive rights under § 106 of the Copyright Act of 1976, 17 U.S.C. § 106, as amended, and constitute willful infringement of Plaintiffs' copyrights in the PIW Copyrighted Works. Defendant's and Defendant's employees' past and continuing copying, transmitting and distributing of the PIW Copyrighted Works constitute willful, deliberate and ongoing infringement of Plaintiffs' copyrights and are causing irreparable harm and damage to Plaintiffs.

61. Plaintiffs have no adequate remedy at law.

## JURY DEMAND

Plaintiffs hereby demand a jury trial.

WHEREFORE Plaintiffs demand judgment against Defendant on the foregoing claim as follows:

(1) That Defendant, its directors, officers, agents, subsidiaries and affiliates and all persons acting by, through, or in concert with any of them, be permanently enjoined from using and infringing the copyright and/or copyrights of Plaintiffs in any manner, and from copying, exhibiting, transmitting, displaying, distributing or preparing

derivative works from any of the copyrighted material in any of past, present or future PIW Copyrighted Works and NGW Copyrighted Works;

(2) That Defendant be required to pay to Plaintiffs such actual damages as they have sustained as a result of Defendant's copyright infringement pursuant to 17 U.S.C. § 504;

(3) That Defendant be required to account for and disgorge to Plaintiffs all gains, profits, and advantages derived by its copyright infringement pursuant to 17 U.S.C. § 504;

(4) That Defendant be required to pay Plaintiffs an increase in the award of statutory damages due to Defendant's willful infringement pursuant to 17 U.S.C. § 504(c)(2);

(5) That the Court issue an Order requiring Defendant to hold harmless and indemnify Plaintiffs from any claim(s) raised by any third party who allegedly relied upon any of Plaintiffs' publications it received as a result of Defendant's unauthorized use of Plaintiffs' copyrighted materials;

(6) That the Court enter judgment against Defendant in favor of Plaintiffs for all claims, including pre- and post-judgment interest, as allowed by law;

(7) That the Court enter judgment against Defendant finding that its unlawful copying and dissemination of the PIW Copyrighted Works and the NGW Copyrighted Works is willful;

(8) That Defendant be ordered to pay to Plaintiffs their costs in this action along with reasonable attorneys' fees; and

(9) That Plaintiffs be granted such further relief as the Court deems just.

Respectfully submitted,

POWLEY & GIBSON, P.C.

Dated: November 20, 2009

By: _____
Robert L. Powley (RP7674)
James M. Gibson (JG9234)
David J. Lorenz (DL3072)
Jason H. Kasner (JK1414)
Joseph J. Bozzuti (JB0601)

304 Hudson Street 2nd Floor
New York, New York 10013
Telephone: (212) 226-5054
Facsimile: (212) 226-5085

Attorneys for Plaintiffs
Energy Intelligence Group, Inc. and
Energy Intelligence Group (UK) Limited