UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ENERGY INTELLIGENCE GROUP, INC. and ENERGY INTELLIGENCE GROUP (UK) LIMITED,<br><br>Plaintiff,<br><br>v.<br><br>FITCH, INC. d/b/a FITCH RATINGS,<br><br>Defendant. | 08 Civ. 8140 (LBS) (FM)<br><br>**FITCH, INC.'S AMENDED ANSWER** |

Defendant Fitch, Inc. ("Fitch"), by and through its undersigned counsel, answers the First Amended Complaint (the "Amended Complaint") of Plaintiffs Energy Intelligence Group, Inc. and Energy Intelligence Group (UK) Limited (collectively "EIG") as follows:

## JURISDICTION AND VENUE

1. Denies the allegations in Paragraph 1, except admits that EIG purports to bring this action under 17 U.S.C. §§ 101 *et seq.* against Fitch for willful infringement of EIG's registered copyrights.

2. Admits the allegations in Paragraph 2.

3. Denies the allegations in Paragraph 3, except admits that Fitch resides in and is doing business in the State of New York and in this district, and many of the acts complained of in the Amended Complaint occurred in the State of New York.

4. Admits the allegations in Paragraph 4.

## THE PARTIES

5. Denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 5, except admits that EIG's website (www.energyintel.com) states that

EIG's headquarters are located at 5 East 37th Street, 5th Floor, New York, New York 10016-2807.

6. Denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 6.

7. Admits the allegations in Paragraph 7.

8. Denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 8, except admits that Fitch is a publisher of copyrighted publications.

## FACTS COMMON TO ALL COUNTS

### A. Plaintiffs' Publications

9. Denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 9, except admits that EIG publishes *Natural Gas Week* ("NGW") and *Petroleum Intelligence Weekly* ("PIW") and has attached documents that purport to be the July 28, 2008 editions of those publications as Exhibits A and B of the Amended Complaint, respectively.

10. Denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 10.

11. Denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 11.

12. Denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 12.

13. Denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 13.

14. Denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 14.

15. Denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 15.

16. Denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 16.

17. Denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 17.

18. Denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 18.

19. Denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 19, except admits that the documents in Exhibit C of the Amended Complaint purport to be the documents listed in Paragraph 19.

20. Denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 20, except admits that the documents in Exhibit D of the Amended Complaint purport to be the documents listed in Paragraph 20.

21. Denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 21.

**B.  Defendant's Business Relationship and Contractual Agreement With Plaintiffs**

22. Denies the allegations in Paragraph 22, except admits that in the past Fitch has received NGW pursuant to subscription agreements with EIG, and refers the Court to the subscription agreements for their full text and contents.

23. Denies the allegations in Paragraph 23, except admits that Fitch has at various times received issues of NGW as print copies and as PDF files attached to emails, and has at various times had access to NGW through EIG's website.

24. Denies the allegations in Paragraph 24, except admits that Fitch has at various times received issues of NGW as print copies and as PDF files attached to emails, and has at various times had access to NGW through EIG's website, denies knowledge or information sufficient to form a belief as to the date on which EIG stopped sending NGW to Fitch by email and began making NGW available to Fitch through its website, and refers the Court to the subscription agreements for their full text and contents.

25. Denies the allegations in Paragraph 25, except admits that Jackie Klein, Lizette Collazo and Jennifer Fowle are, or were at one time, employees of Fitch, denies knowledge or information sufficient to form a belief as to the dates on which different Fitch employees were authorized to receive NGW, and refers the Court to the subscription agreements for their full text and contents.

26. Denies the allegations in Paragraph 26, except refers the Court to the publications and subscription agreements for their full text and contents.

27. Denies the allegations in Paragraph 27, except refers the Court to the subscription agreements for their full text and contents.

28. Denies the allegations in Paragraph 28, except admits that in the past Fitch has received NGW and PIW pursuant to subscription agreements with EIG, and refers the Court to the subscription agreements for their full text and contents.

29. Denies the allegations in Paragraph 29, except admits that Fitch has at various times received issues of PIW as PDF files attached to emails and has at various times had access to PIW through EIG's website.

30. Denies the allegations in Paragraph 30, except admits that Fitch has at various times received issues of PIW as PDF files attached to emails and has at various times had access to PIW through EIG's website, denies knowledge or information sufficient to form a belief as to the date on which EIG stopped sending PIW to Fitch by email and began making PIW available to Fitch through its website, and refers the Court to the subscription agreements for their full text and contents.

31. Denies the allegations in Paragraph 31, except admits that Jackie Klein, Lizette Collazo and Jennifer Fowle are, or were at one time, employees of Fitch, denies knowledge or information sufficient to form a belief as to the dates on which different Fitch employees were authorized to receive PIW, and refers the Court to the subscription agreements for their full text and contents.

32. Denies the allegations in Paragraph 32, except refers the Court to the publications and subscription agreements for their full text and contents.

33. Denies the allegations in Paragraph 33, except refers the Court to the subscription agreements for their full text and contents.

## C. Defendant's Improper Use of Plaintiffs' Copyrighted Publications

34. Denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 34.

35. Denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 35.

36. Denies the allegations contained in Paragraph 36.

37. Denies the allegations contained in Paragraph 37, except admits that Fitch is a publisher of copyrighted publications.

## COUNT ONE
## COPYRIGHT INFRINGEMENT OF NGW

38. Repeats and realleges its responses to Paragraphs 1-37.

39. Denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 39.

40. Denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 40.

41. Denies the allegations in Paragraph 41, except admits that during various time periods copies of NGW were made available to Fitch pursuant to subscription agreements with EIG, and refers the Court to the subscription agreements for their full text and contents.

42. Denies the allegations in Paragraph 42, except admits that Fitch employees have transmitted at least some portion of certain issues of NGW to other Fitch employees.

43. Denies the allegations in Paragraph 43, except admits that Fitch employees have transmitted at least some portion of certain issues of NGW to other Fitch employees, and refers the Court to the subscription agreements for their full text and contents.

44. Denies the allegations in Paragraph 44, except refers the Court to the subscription agreements for their full text and contents.

45. Denies the allegations in Paragraph 45, except refers the Court to the subscription agreements for their full text and contents.

46. Denies the allegations in Paragraph 46.

47. Denies the allegations in Paragraph 47.

48. Denies the allegations in Paragraph 48.

49. Denies the allegations in Paragraph 49.

## COUNT TWO
## COPYRIGHT INFRINGEMENT OF PIW

50. Repeats and realleges its responses to Paragraphs 1-49.

51. Denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 51.

52. Denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 52.

53. Denies the allegations in Paragraph 53, except admits that during various time periods copies of PIW were made available to Fitch pursuant to subscription agreements with EIG, and refers the Court to the subscription agreements for their full text and contents.

54. Denies the allegations in Paragraph 54, except admits that Fitch employees have transmitted at least some portion of certain issues of PIW to other Fitch employees.

55. Denies the allegations in Paragraph 55, except admits that Fitch employees have transmitted at least some portion of certain issues of PIW to other Fitch employees, and refers the Court to the subscription agreements for their full text and contents.

56. Denies the allegations in Paragraph 56, except refers the Court to the subscription agreements for their full text and contents.

57. Denies the allegations in Paragraph 57, except refers the Court to the subscription agreements for their full text and contents.

58. Denies the allegations in Paragraph 58.

59. Denies the allegations in Paragraph 59.

60. Denies the allegations in Paragraph 60.

61. Denies the allegations in Paragraph 61.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

The Amended Complaint fails to state a claim upon which relief can be granted.

### Second Affirmative Defense

EIG's claims are barred, in whole or in part, by the statute of limitations, 17 U.S.C. § 507.

### Third Affirmative Defense

EIG's claims are barred because Fitch did not take the actions alleged herein or, even if Fitch did take such actions, those actions did not constitute an infringement of EIG's copyright.

### Fourth Affirmative Defense

Even if Fitch's actions constituted infringement, such infringement was innocent and/or not willful within the meaning of 17 U.S.C. § 101 *et seq*.

### Fifth Affirmative Defense

EIG's claims are barred because EIG's publications, in whole or in part, do not constitute copyrightable subject matter.

### Sixth Affirmative Defense

EIG's claims are barred to the extent the allegedly unlawful use was licensed or otherwise authorized, including without limitation under a license from the Copyright Clearance Center.

**Seventh Affirmative Defense**

EIG's claims are barred by estoppel, collateral estoppel, laches, waiver, acquiescence, unclean hands, and/or other equitable doctrines.

**Eighth Affirmative Defense**

EIG is barred from recovering statutory damages and attorney's fees to the extent that any or all of its purported copyrights do not meet the registration requirements of 17 U.S.C. § 412(2).

**Ninth Affirmative Defense**

EIG's claims are barred by the doctrine of copyright misuse.

**Tenth Affirmative Defense**

EIG lacks standing to assert the claims contained in the Amended Complaint to the extent it has failed to demonstrate that it is the owner of the copyrights alleged to have been infringed.

**Eleventh Affirmative Defense**

The Court lacks subject matter jurisdiction over EIG's claims to the extent that it does not hold valid registrations of the purported copyrights alleged to have been infringed.

**Twelfth Affirmative Defense**

EIG's claims are barred by the fair use doctrine.

**Thirteenth Affirmative Defense**

EIG has failed to mitigate its damages, if any.

## Fourteenth Affirmative Defense

EIG's prayer for punitive, treble and/or exemplary damages is barred on the ground that it has failed to allege or prove facts sufficient to state a claim for punitive, treble or exemplary damages or to show that Fitch is or was guilty of oppression, fraud, or malice.

## Fifteenth Affirmative Defense

Fitch reserves the right to assert additional defenses and/or affirmative defenses as may be appropriate.

## **PRAYER FOR RELIEF**

WHEREFORE, Fitch requests that the Court enter a judgment in its favor and against EIG as follows:

a. That EIG's Complaint be dismissed in its entirety, with prejudice;

b. For an order that EIG reimburse Fitch for its reasonable attorneys' fees and costs in defending against this action;

c. For such other relief that the Court may deem as just and proper.

## **DEMAND FOR JURY TRIAL**

Fitch demands a jury trial on any issue so triable.

Dated: New York, New York
December 10, 2009

**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**

By: /s/ Martin Flumenbaum
Martin Flumenbaum
Lynn B. Bayard
Darren W. Johnson

1285 Avenue of the Americas
New York, New York 10019-6064
Tel. (212) 373-3000

Fax (212) 757-3990
*Attorneys for Defendant*